753 A.2d 1036

OFFICE OF the ATTORNEY GENERAL, et al.

v.

Paul B. GALLAGHER.

No. 110, Sept. Term, 1999.

Court of Appeals of Maryland.

June 28, 2000.

Andrew H. Baida, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland and Steven M. Sullivan, Asst. Atty. Gen., on brief), Baltimore, for Petitioners.

Robert L. Lombardo (Knight, Manzi, Nussbaum & LaPlaca, on brief), Upper Marlboro, for Respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL and HARRELL, JJ.

ELDRIDGE, Judge.

The issue presented in this case is whether documents within an investigatory file, which are not exempt from public disclosure under § 10–618(f) of the Maryland Public Information Act, Maryland Code (1984, 1999 Repl.Vol.), §§ 10–611 through 10–630 of the State Government Article, but which may be exempt from disclosure under other sections of the Act, must be disclosed to a "person in interest."

I.

Maryland's Public Information Act was originally enacted in 1970 and codified as Maryland Code (1957, 1975 Repl.Vol.), Art. 76A, §§ 1 through 5. As this Court has reiterated many

times, "the provisions of the ... Act reflect the legislative intent that citizens of the State of Maryland be accorded wide-ranging access to public information concerning the operation of their government." *Kirwan v. The Diamondback,* 352 Md. 74, 81, 721 A.2d 196, 199 (1998), quoting *Fioretti v. State Board of Dental Examiners,* 351 Md. 66, 73, 716 A.2d 258, 262 (1998). The Act expressly provides that "all persons are entitled to have access to information about the affairs of government and the official acts of public officials and employees." § 10–612(a). *See Office of State Prosecutor v. Judicial Watch,* 356 Md. 118, 134, 737 A.2d 592, 601 (1999). In order to carry out this right of access, the Act is to be construed in favor of disclosure. *See* § 10–612(b). There are exceptions to this general rule of disclosure, however, as codified in §§ 10–615 through 10–619 of the Act. These enumerated exemptions delineate certain types of records which are to be excluded from public inspection. Moreover, some of these exemptions include special provisions if the applicant is a "person in interest," defined as "a person or governmental unit that is the subject of a public record or a designee of the person or governmental unit." § 10–611(e)(1).

Paul Gallagher, the respondent, seeks access to records compiled by the petitioner, the Securities Division of the Maryland Attorney General's office. Mr. Gallagher and several other individuals were the focus of an investigation and administrative proceedings conducted by the Attorney General's office from October 1985 through June 1986, relating to Caucus Distributors, Inc., a publishing and fund-raising organization affiliated with Lyndon H. LaRouche, Jr. *See Caucus Distributors, Inc. v. Maryland Securities Commissioner,* 320 Md. 313, 316–323, 577 A.2d 783, 784–787 (1990). Based, in part, on the investigation conducted by the Maryland Attorney General's office, Mr. Gallagher was convicted, in the Commonwealth of Virginia, Roanoke County Circuit Court, of securities fraud and securities registration offenses. Mr. Gallagher is presently serving a thirty-four year sentence of imprisonment in Virginia, and, as he has exhausted his direct appeals,

he is now planning to file in Virginia a petition for a writ of habeas corpus.

Mr. Gallagher's attorney, anticipating that the records compiled by the Maryland Attorney General's office would "be useful to Mr. Gallagher's petition," requested the records, under the Maryland Public Information Act, by letter dated November 15, 1996. This request was actually a follow-up to a request made in 1990 by George Canning, another individual affiliated with Caucus Distributors, Inc. and Lyndon La-Rouche. This original request was granted in part and denied in part. Assistant Attorney General Kathryn Rowe disclosed approximately 230 documents to Mr. Canning, but withheld certain documents pursuant to enumerated exemptions under the Public Information Act. Mr. Gallagher's request, at issue in this appeal, sought all of the documents withheld by Ms. Rowe when they were first requested by Mr. Canning.

When Mr. Gallagher's letter was received by the Securities Division of the Attorney General's office, Assistant Attorney General T. Webster Brenner retrieved the relevant files and reviewed the documents previously withheld by Ms. Rowe. In his response letter to Mr. Gallagher, he stated: "Upon a careful review of the material, it appears [Ms. Rowe's] determination to deny access was in accordance with the mandatory and discretionary provisions of the Act. Nonetheless, I have reviewed each document and find that in the context of your current request some production is permissible." Mr. Webster then listed 58 documents that he was disclosing, copies of which were provided with the letter, and reiterated that the remaining documents were being withheld pursuant to the exemptions cited by Ms. Rowe (§§ 10–615(1) and 10–618(f)), as well as § 10–617 of the Act.

After receiving Mr. Webster's letter, Mr. Gallagher filed a complaint in the Circuit Court for Baltimore City seeking a writ of mandamus to compel the disclosure of the 82 documents which had been withheld by Mr. Brenner. The Circuit Court first ordered the Attorney General to submit a Vaughn

index,[1] then ordered an *in camera* review of the documents at issue.

After conducting the *in camera* inspection, the Circuit Court issued an order directing disclosure of all or part of 17 documents, upholding the non-disclosure of 34 documents based on exemptions set forth in §§ 10–615, 10–618(b) and 10–618(f)(2)(v) of the Act, and noting that 31 of the documents had not been provided to the court. When those 31 documents were subsequently provided, the court ordered that all of them could be withheld based on §§ 10–615, 10–617, and/or 10–618.

Upon Mr. Gallagher's appeal to the Court of Special Appeals, the judgment of the Circuit Court was affirmed in part and reversed in part. The intermediate appellate court held that, because all the records at issue were part of an "investigatory file," and because Mr. Gallagher was a "person in interest" as defined in the Public Information Act, the only exemption applicable to the documents was § 10–618(f)(2). *See Gallagher v. Attorney General,* 127 Md.App. 572, 736 A.2d 350 (1999). Thus, the Court of Special Appeals affirmed the Circuit Court's judgment insofar as it had applied § 10–618(f)(2) to authorize the non-disclosure of certain documents. The appellate court, however, reversed the judgment of the Circuit Court insofar as that court had denied inspection based on other exemptions under the Act. The intermediate appellate court remanded the case to the trial court with directions to re-evaluate the documents, which had been withheld pursuant to §§ 10–615, 10–617, and/or 10–618(b), in order to determine if § 10–618(f)(2) authorized the non-disclosure of those documents. Finally, the Court of Special Appeals directed that all "[d]ocuments not exempt under ... § 10–618(f)(2) must be released" to Mr. Gallagher. *Gallagher v.*

---

1. As this Court explained in *State Prosecutor v. Judicial Watch,* 356 Md. 118, 121 n. 1, 737 A.2d 592, 593 n. 1 (1999), a "Vaughn index" is "a list of documents in possession, setting forth the date, author, general subject matter and claim of privilege for each document claimed to be exempt from discovery." *See Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir. 1973).

*Attorney General, supra,* 127 Md.App. at 586, 736 A.2d at 358. The Office of the Attorney General filed a petition for a writ of certiorari which this Court granted. *Attorney General v. Gallagher,* 356 Md. 634, 741 A.2d 1095 (1999).

II.

A.

■ The section of the Act setting forth the exemption for investigatory records, § 10–618, provides in pertinent part as follows (emphasis supplied):

" § 10–618. **Permissible denials.**

"(a) *In general.* Unless otherwise provided by law, if a custodian believes that inspection of a part of a public record by the applicant would be contrary to the public interest, the custodian may deny inspection by the applicant of that part, as provided in this section.

* * *

"(f) *Investigations.* (1) Subject to paragraph (2) of this subsection, a custodian may deny inspection of:

(i) records of investigations conducted by the Attorney General, a State's Attorney, a city or county attorney, a police department, or a sheriff;

(ii) an investigatory file compiled for any other law enforcement, judicial, correctional, or prosecution purpose; or

(iii) records that contain intelligence information or security procedures of the Attorney General, a State's Attorney, a city or county attorney, a police department, a State or local correctional facility, or a sheriff.

(2) A custodian may deny inspection by a person in interest only to the extent that the inspection would:

(i) interfere with a valid and proper law enforcement proceeding;

(ii) deprive another person of a right to a fair trial or an impartial adjudication;

(iii) constitute an unwarranted invasion of personal privacy;

(iv) disclose the identity of a confidential source;

(v) disclose an investigative technique or procedure;

(vi) prejudice an investigation; or

(vii) endanger the life or physical safety of an individual."

The parties do not dispute that the respondent is a "person in interest," nor do they dispute that the documents at issue are part of an "investigatory file." The respondent argues, however, that when disclosure of an investigatory record would not produce any one of the seven results enumerated under § 10–618(f)(2), the record *must* be disclosed to a "person in interest," irrespective of all other exemptions under the Act.

The other exemptions, found by the trial court to be applicable to some of the documents at issue, provide important justifications for non-disclosure. For example, § 10–615 states as follows:

" § **10–615   Required Denials—In general.**

"A custodian shall deny inspection of a public record or any part of a public record if:

(1) by law, the public record is privileged or confidential; or

(2) the inspection would be contrary to:

(i) a State statute;

(ii) a federal statute or a regulation that is issued under the statute and has the force of law;

(iii) the rules adopted by the Court of Appeals; or

(iv) an order of a court of record."

The petitioner argued, and the Circuit Court held, that several documents were exempt from disclosure under § 10–615, as "privileged." They included documents embodying "attorney mental impressions" or attorney "work product." According to the respondent's argument and the holding of the Court of Special Appeals, privileged documents, including attorney work product, contained within an investigatory file, would have to be disclosed to a person in interest if none of

the seven exemptions under § 10–618(f)(2) were applicable. The Court of Special Appeals' holding would allow litigants to have access to records in an investigatory file which disclose the "mental impressions, conclusions, opinions, or legal theories of an attorney." Maryland Rule 2–402(c). Such records have not heretofore been discoverable pursuant to Rules 2–402(c) and 4–263(c). As this Court made clear in *Faulk v. State's Attorney for Harford Co.,* 299 Md. 493, 510, 474 A.2d 880, 889 (1984), the Public Information Act "was not intended to be a device to enlarge the scope of discovery beyond that provided by the Maryland Rules...." On the contrary, the Act explicitly provides, in § 10–615, "that effect is to be given to court rules when to allow public inspection of public records would contravene those rules." *State Prosecutor v. Judicial Watch, supra,* 356 Md. at 133, 737 A.2d at 600.

Moreover, if this Court were to adopt the intermediate appellate court's holding in this case, § 10–618(f)(2) would also override the exemptions for "confidential commercial information" (§ 10–617(d)(2)), "confidential financial information" (§ 10–617(d)(3)), "information about the finances of an individual" (§ 10–617(f)), and "interagency or intra-agency letter[s] or memorand[a] that would not be available by law to a private party in litigation with the unit" (§ 10–618(b)). Nothing in the language or history of the Public Information Act supports the view that, when records are contained within an investigatory file, § 10–618(f)(2) displaces all other exemptions in the statute.

### B.

The Court of Special Appeals partially relied upon this Court's opinion in *Baltimore v. Maryland Committee Against Gun Ban,* 329 Md. 78, 617 A.2d 1040 (1993), for its holding that the seven exemptions under § 10–618(f)(2) provide the only legitimate bases under the Act for a custodian's refusal to disclose investigatory records to a person in interest. The intermediate appellate court stated that this Court's *Maryland Committee* opinion

"noted that under 10–618(f)(2), a custodian could deny inspection by a ' "person in interest" ' but ' "only to the extent that the inspection would" produce one of the seven results enumerated in paragraph (f)(2).' *Id.* at 82, 617 A.2d at 1040. The Court [of Appeals] emphasized that the seven exemptions enumerated in paragraph (f)(2) 'comprise the only justifications for withholding a police investigation report from a person in interest.' *Id.; See also Fioretti, supra.*" *Gallagher v. Attorney General, supra,* 127 Md.App. at 580, 736 A.2d at 355.

In the *Maryland Committee* case, a political organization, which was not a "person in interest," sought records of a Baltimore City police investigation. The City argued that the records were exempt from disclosure under both § 10–618(b) and § 10–618(f). Although the holding in *Maryland Committee* was based on § 10–618(f) alone, the issue, as framed by this Court, was the same as that before the trial court in the case at bar, specifically, "whether [the] records fall within *any* exclusion from the general rule of disclosure." *Maryland Committee,* 329 Md. at 81, 617 A.2d at 1041 (emphasis supplied). Contrary to the argument of the respondent and the holding of the Court of Special Appeals in the case at bar, this Court in *Maryland Committee* decided not to address the exemption under § 10–618(b) because there was "no need" to do so, as the exemptions in § 10–618(f) were "dispositive." 329 Md. at 81, 617 A.2d at 1041. Consequently, the language quoted by the Court of Special Appeals from *Maryland Committee* must be read in light of this Court's decision to consider only § 10–618(f).

As the applicant in *Maryland Committee* was not a person in interest, the seven exemptions under § 10–618(f)(2) were not even at issue in that case. The holding was limited to § 10–618(f)(1), which permits non-disclosure of "records of investigations conducted by . . . a police department. . . ." *See* § 10–618(f)(1)(i). In the Court's analysis of subsection (f)(1), however, its provisions were contrasted with those in subsection (f)(2), in order to explain that an investigatory record could be withheld from a non-person in interest under (f)(1)

based on a range of public interest concerns including, but not limited to, those listed in (f)(2). Accordingly, the Court's statement that the seven exemptions under § 10–618(f)(2) "comprise the only justifications for withholding a police report from a person in interest," was made in an effort to juxtapose the custodian's more limited discretion under subsection (f)(2) with the broader grant of authority under subsection (f)(1). *Maryland Committee,* 329 Md. at 89, 617 A.2d at 1045.

In addition, the *Maryland Committee* opinion sought to contrast the breadth of permissible denials under subsection (f)(1) with those under (f)(2). The Court explained (*Maryland Committee,* 329 Md. at 96–97, 617 A.2d at 1049):

"Under paragraph (2), inspection may be denied to the person in interest 'only to the extent' that the inspection would give rise to one of the seven enumerated circumstances. That statutory mandate requires analyzing the investigation file material in order to distinguish between that which reflects one or more of the enumerated circumstances and that which does not. In contrast, when the request to inspect is made by one other than a person in interest and paragraph (1) applies, the 'custodian may deny inspection of . . . records of investigations conducted by . . . a police department.' Permissible denial applies to the entire record, to the extent that inspection would be contrary to the public interest."

This interpretation of the language in § 10–618(f)(2), permitting non-disclosure "only to the extent" that one of the seven exemptions applies, gives effect to the Act's explicit provision for severability of documents when feasible. The General Assembly mandated, in § 10–614(b)(3)(iii) of the Act, that a custodian should "permit inspection of any part of [a] record that is subject to inspection and is reasonably severable." The limiting language of subsection (f)(2) has consistently been interpreted by this Court as a limitation upon the custodian's authority to withhold an investigatory file in its entirety when claiming an exemption under that subsection. *See Fioretti v. Board of Dental Examiners, supra,* 351 Md. at 86–87, 716

A.2d at 268–269. It has never been interpreted as a limitation on a custodian's ability to withhold documents within an investigatory file pursuant to other exemptions under the Act. When viewed in context, it is clear that this Court's language in *Maryland Committee* was not intended to affect a custodian's discretion beyond the scope of § 10–618(f).

## C.

The "person in interest" clause and its seven exemptions, presently set forth in § 10–618(f)(2), were added to the Public Information Act by Chapter 1006 of the Acts of 1978. At that time, the exemption for investigatory records was codified in Code (1957, 1975 Repl.Vol., 1978 Cum.Supp.), Article 76A, § 3(b)(i). In fact, all of the exemptions at issue in this case were once codified in Article 76A, § 3. The exemptions presently set forth in § 10–615 were codified in § 3(a), the exemption for "interagency or intra-agency letter[s] or memorand[a]" (§ 10–618(b)) was codified in § 3(b)(v), and the exemptions for confidential commercial and financial information (§§ 10–617(d)(2) and (3)) were codified in § 3(c)(v).[2]

Contrary to the respondent's argument that the Court of Special Appeals' holding "produced the exact result that the General Assembly intended when it enacted Maryland's Public Information Act" (respondent's brief at 2), the explicit language of Article 76A, § 3, provided that its subsections were to be applied alternatively, and not to the exclusion of one another. Code (1957, 1975 Repl.Vol., 1978 Cum.Supp.), Article 76A, § 3, provided as follows (emphasis supplied):

" **§ 3. Custodian to allow inspection of public records; exceptions; denial of right of inspection of certain records; court order restricting disclosure of records ordinarily open to inspection.**

"(a) The custodian of any public records shall allow any person the right of inspection of such records or any portion

---

**2.** The exemption for "information about the finances of an individual" presently codified in § 10–617(f), was added to Article 76A, § 3, by Chapter 431 of the Acts of 1982, as § 3(c)(xi).

thereof *except on one or more of the following grounds or as provided in subsection (b) or (c) of this section:*

\* \* \*

(iii) Such inspection is prohibited by rules promulgated by the Court of Appeals, or by the order of any court of record; or

(iv) Such public records are privileged or confidential by law.

"(b) The custodian may deny the right of inspection of the following records or appropriate portions thereof, unless otherwise provided by law, if disclosure to the applicant would be contrary to the public interest:

(i) Records of investigations conducted by, or of intelligence information or security procedures of, any sheriff, county attorney, city attorney, State's attorney, the Attorney General, police department, or any investigatory files compiled for any other law-enforcement, judicial, correctional, or prosecution purposes, but the right of a person in interest to inspect the records may be denied only to the extent that the production of them would (A) interfere with valid and proper law-enforcement proceedings, (B) deprive another person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source, (E) disclose investigative techniques and procedures, (F) prejudice any investigation, or (G) endanger the life or physical safety of any person;

\* \* \*

(v) Interagency or intraagency memorandums or letters which would not be available by law to a private party in litigation with the agency.

"(c) The custodian shall deny the right of inspection of the following records or any portion thereof, unless otherwise provided by law:

* * *

(v) Trade secrets, information privileged by law, and confidential commercial, financial, geological, or geophysical data furnished or obtained by or obtained from any person;

* * *."

The language of Article 76A, § 3, when the "person in interest" clause was added, clearly stated that the enumerated exemptions did not override or supplant one another, but that a document was to be disclosed unless "one or more" of the exemptions under subsection (a), "or" under subsections (b), or (c) applied.

When the State Government Article was enacted by Ch. 284 of the Acts of 1984, Article 76A, § 3, was "transferr[ed], without amendment" to separate sections in the new Article. *See* II *Laws of Maryland 1984* at 981. There is no indication in the legislative history that the separate sections of Title 10, subtitle 6, of the State Government Article were to be interpreted differently from the separate subsections of former Article 76A, § 3. As pointed out above, the transfer was described in the Title of Ch. 284 as being "without amendment." Moreover, the revisor's notes to new §§ 10–615, 10–617, and 10–618 stated that they were all "derived without substantive change" from Article 76A, § 3. *See* II *Laws of Maryland 1984* at 1357–1364.

The language of the Act as it exists today provides further evidence that the interpretation by the Court of Special Appeals is contrary to the General Assembly's intent. Sections 10–615 and 10–617 are both mandatory provisions, meaning that when they are applicable to a particular record, the custodian *must* deny inspection of that record. This is made clear by the use of the word "shall" in both provisions, which specifically state that "a custodian shall deny inspection" when one of the enumerated exemptions under those sections applies. Section 10–618, however, is a discretionary provision, stating that "if a custodian believes that inspection of a part of a public record by the applicant would be contrary to the

public interest, the custodian *may* deny inspection by the applicant of that part . . . ." § 10–618(a)(emphasis supplied).

As the petitioner correctly points out, the discretionary authority of the custodian under § 10–618 cannot arise if the record cannot be disclosed because of a mandatory provision in §§ 10–615 or 10–617. Thus, if the intermediate appellate court's interpretation of the Act in this case were correct, a custodian would have the discretion under § 10–618 to disclose information privileged or confidential by law when contained within an investigatory file, even though non-disclosure of such records is mandatory under § 10–615. This would be an unreasonable interpretation of the Act. *See Kirwan v. The Diamondback, supra,* 352 Md., at 83, 721 A.2d at 200, quoting *Blandon v. State,* 304 Md. 316, 319, 498 A.2d 1195, 1196 (1985) ("the Court will 'reject a proposed statutory interpretation if its consequences are inconsistent with common sense.' ")

▮ Our holding that § 10–618(f) does not override other exemptions under the Act is supported by the recent decision in *State Prosecutor v. Judicial Watch, supra,* 356 Md. 118, 737 A.2d 592. The records at issue in *Judicial Watch* were part of a file compiled by the Office of the State Prosecutor in connection with a grand jury investigation. Although these records were, unquestionably, part of an "investigatory file," this Court held that they were exempt from disclosure under § 10–615 of the Public Information Act because disclosure would have violated Maryland Rule 4–642 protecting the secrecy of grand jury proceedings. In *Judicial Watch,* as in the case at bar, the State also argued that the documents were properly withheld under § 10–618(f). Rather than deciding the case on the basis of the investigatory file exemption alone, however, this Court first held that disclosure of the records would violate the "rules adopted by the Court of Appeals." 356 Md. at 130, 737 A.2d at 598. Thus, non-disclosure was mandated under § 10–615.

### D.

▮▮ In conclusion, as the language and legislative history of the Public Information Act make clear, if any exemption

under §§ 10–615, 10–616, or 10–617 is applicable to a particular record, then it must be withheld. Moreover, if the record is exempt under the provisions of § 10–618, including § 10–618(f), then it may be withheld at the discretion of the custodian. The Court of Special Appeals erred in holding that a person in interest can avoid all other exemptions under the Act simply because he is seeking disclosure of an investigatory file pursuant to § 10–618(f).

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED AND CASE REMANDED TO THAT COURT TO DECIDE ISSUES RAISED BY THE PARTIES BUT NOT ADDRESSED BY THE COURT OF SPECIAL APPEALS. COSTS IN THIS COURT TO BE PAID BY THE RESPONDENT. COSTS IN THE COURT OF SPECIAL APPEALS TO ABIDE THE RESULT.*