Dear G. Frederick Robinson
You have asked for our opinion concerning the application of the Public Information Act ("PIA") to certain records of the City Ethics Commission of the City of Bowie ("City"). The materials that accompanied your letter included several questions, which we summarize and rephrase as follows:
1. Are the provisions of the City Public Ethics Ordinance concerning the disclosure of advisory opinions of the City Ethics Commission and the disclosure of records related to complaints filed with that commission consistent with the Maryland Public Ethics Law?
2. To what extent is an advisory opinion of the City Ethics Commission exempt from disclosure under the PIA?
3. To what extent are records related to a complaint filed with the City Ethics Commission exempt from disclosure under the PIA?
As explained more fully below, the answers to these questions are as follows:
1. The part of the City ordinance concerning disclosure of advisory opinions of the City Ethics Commission is virtually identical to the model ethics law for local governments developed by the State Ethics Commission pursuant to the Public Ethics Law. Similarly, the part of the City ordinance concerning disclosure of records relating to complaints filed with the City Ethics Commission is nearly identical to the State Ethics Commission's model ordinance. Accordingly, these provisions are consistent with the Maryland Public Ethics Law.
2. The City Public Ethics Ordinance provides that the advisory opinions of the City Ethics Commission are to be "published and otherwise made available to the public" except that the identity of the subject, i.e., the person who is the subject of the advisory opinion, is to be deleted. While a municipal ordinance cannot ordinarily create an exception to the general rule of disclosure under the PIA, this particular provision derives from the model local ordinance promulgated by the State Ethics Commission pursuant to a statute that requires local governments to enact ethics laws similar to the Maryland Public Ethics Law. The confidentiality provision in the City ordinance is similar to a parallel confidentiality provision in the law that governs advisory opinions of the State Ethics Commission. The PIA defers to other State statutes that make particular records or particular information confidential. Thus, the identity of the subject of a City Ethics Commission advisory opinion should not be disclosed in response to a PIA request.
3. The City Public Ethics Ordinance provides that all actions of the City Ethics Commission on a complaint are to be treated confidentially "until a final determination by the Commission." This provision is also based on the model ordinance developed by the State Ethics Commission pursuant to State law. Accordingly, records related to a complaint filed with the City Ethics Commission may not be disclosed in response to a PIA request until the Commission has made a final determination. It is also possible that other exceptions in the PIA may apply to particular records related to a complaint.
 I Background
Your request arose out of a controversy concerning the outside employment of a member of the City Council and the disclosure of records of the City Ethics Commission related to that controversy.
As we understand it, during 2006, two complaints were filed with the City Ethics Commission alleging violations of the City's Public Ethics Ordinance by the Council Member and other individuals. The Ethics Commission eventually determined that the Council Member had a conflict of interest with respect to outside employment. In late 2006, the Council Member requested an advisory opinion from the City Ethics Commission concerning prospective employment. After the Ethics Commission responded to that request, the member submitted a second request in early 2007 seeking clarification of the first advisory opinion.
On March 2, 2007, the City Ethics Commission issued a "partial" response to the Council Member's second request for an advisory opinion, apparently because it was going to be unable to complete the full opinion by the time of a City Council meeting scheduled for March 5, 2007. The Commission sent its partial response to the Council Member who requested the opinion and also distributed copies to the entire City Council, as well as various other City officials, apparently because the Commission had concluded that the Council Member should refrain from involvement in certain matters on the agenda for the Council meeting. Thereafter, someone supplied a copy of the partial opinion to a local newspaper. The City Ethics Commission subsequently issued its complete advisory opinion on March 15, 2007.
The Council Member took issue with the release of the partial advisory opinion. The City Ethics Commission expressed the view that the partial advisory opinion was disclosable, except that the identity of the subject of the opinion, i.e., the Council Member, should have been redacted. That issue, and others raised by the Council Member, were referred to the City Attorney. For example, the Council Member also questioned whether records related to the complaints filed with the City Ethics Commission would be disclosable in response to PIA requests.
The City Attorney agreed that the Commission's partial advisory opinion was disclosable, but expressed doubt that the Council Member's identity was confidential.[1] The City Attorney reasoned that, even if provisions of the City's Public Ethics Ordinance made that identity confidential, the City lacked authority to pass an ordinance that would shield records from disclosure under the PIA. With respect to records relating to complaints, the City Attorney apparently reached a similar conclusion, but acknowledged that the exception for investigatory records might apply to some of those records for some period of time.
The Council Member then requested that the City obtain an opinion from this Office on various questions.[2]
 II Statutory Provisions
A. Public Information Act
The PIA allows the public a broad right of access to records in the possession of State agencies and local governments. Annotated Code of Maryland, State Government Article ("SG"), § 10-611 et seq. The statute includes a general right to inspect records, unless one of the exceptions to the PIA precludes disclosure of records or particular information. SG § 10-613(a). The General Assembly has directed that the statute be construed in favor of permitting inspection of a public record, unless an unwarranted invasion of personal privacy would result. SG § 10-612(b).
There are four categories of exceptions to the PIA's general rule of disclosure. First, the PIA defers to various types of law — common law privileges, federal and State statutes, federal regulations, court rules, court orders — that may preclude disclosure of a record or particular information in a record. SG § 10-615. Second, the PIA itself requires that certain records and specified categories of information be withheld from public inspection. SG §§ 10-616 and 10-617. With respect to certain other types of records, the PIA gives the custodian of the record discretion to deny access to the record, or severable portions of the record, if the custodian "believes that inspection . . . by the applicant would be contrary to the public interest." SG § 10-618. Because these various exceptions are not mutually exclusive, more than one exception may apply to a particular record. Office of the Attorney General v. Gallagher,359 Md. 341, 753 A.2d 1036 (2000). Finally, the PIA includes a catch-all provision that, in the event no exception applies and the custodian of the record believes that its disclosure "would cause substantial injury to the public interest," the custodian m ay temporarily withhold the record and seek a court order preventing disclosure. SG § 10-619.
B. Ethics Laws 1. State Mandate for Local Ethics Laws
The Maryland Public Ethics Law, currently codified at SG § 15-101et seq., sets forth ethical standards for State officials and employees, contractors, and lobbyists. The State Ethics Commission administers and enforces that law.[3] To assist those subject to the law in complying with its ethical standards, the statute includes a procedure for individuals to obtain advisory opinions from the State Ethics Commission on the application of the law to particular circumstances. SG § 15-301et seq. With respect to enforcement of those standards, the law authorizes the filing of complaints with the Commission about alleged violations of the statute, which the Commission is authorized to investigate and adjudicate. SG § 15-401 et seq.
The Public Ethics Law also requires municipalities to enact their own local ethics laws. SG § 15-801 et seq.; see generally Seipp v. BaltimoreCity Board of Elections, 377 Md. 362, 364-67, 833
A.2d 551 (2003).[4] Pertinent to your inquiry, each municipal corporation is to enact local laws governing conflicts of interest, financial disclosure, and lobbying. SG § 15-803. Local conflicts and financial disclosure provisions are to be "similar" to the provisions of the Public Ethics Law pertaining to the State government; local lobbying provisions are to be "substantially similar." SG §§ 15-804, 15-805(b), 15-806. However, local provisions can "be modified to the extent necessary to make the provisions relevant . . . in the local jurisdiction." Id.[5]
The authority of a local government to administer and enforce local ethics laws, including the creation of mechanisms to issue advisory opinions and to adjudicate complaints, is implicit in the legislative mandate to create those laws. 66 Opinions of the Attorney General 197 (1981). To assist local governments in carrying out these responsibilities, the State Ethics Commission is charged with adopting model ethics provisions that may be used by local government entities. SG § 15-205(b). If a local government fails to comply with the requirement to create a local ethics law, the State Ethics Commission is authorized to bring suit in circuit court to enforce that obligation. SG § 15-808.
The State Ethics Commission has adopted two model ethics ordinances — a long version and a short version, known as Model A and Model B respectively. COMAR 19A.04., Appendices A and B; see also Seipp,377 Md. at 366. In addition to substantive rules concerning conflicts of interest, financial disclosure, and lobbying, those models also provide for the creation of a local ethics commission and authorize that commission to issue advisory opinions and to investigate complaints of alleged violations. The advisory opinion and complaint provisions appear to be based on statutory provisions governing the issuance of advisory opinions and the processing of complaints by the State Ethics Commission. SG §§ 15-301 et seq., 15-401 et seq.
 2. City Public Ethics Ordinance
The City of Bowie has adopted a public ethics ordinance that largely tracks Model A provided by the State Ethics Commission. Bowie City Code, Article IV, §§ 2-66 through 2-73. The ordinance creates the City Ethics Commission and includes provisions concerning conflicts of interest, financial disclosure, and lobbying adapted from the Model A with minor editing.
The Public Ethics Ordinance provides for the City Ethics Commission to provide advisory opinions on the application of the ethics ordinance. The relevant provision states:
 Any official or other person subject to the provisions of this Article may request of the Commission an advisory opinion concerning the application of this Article. The Commission shall respond promptly to these requests, providing interpretations of this Article based on the facts reasonably available to it. Copies of these interpretations, with the identity of the subject deleted, shall be published and otherwise made available to the public in accordance with any applicable State or City of Bowie laws concerning public records.
Article IV, § 2-69(VI). This provision tracks almost verbatim the language of Model A of the State Ethics Commission. See COMAR 19A.04, Appendix A, § 4(f).
The Public Ethics Ordinance also contains a provision concerning complaints about alleged violations of the ethics ordinance:
 Any person may file with the Commission a complaint alleging a violation of any of the provisions of this Article. These complaints shall be written and under oath or affirmation and shall be referred to the City Attorney or other legal counsel, if appropriate, for investigation and review. If after receiving an investigative report, the Commission determines there are insufficient facts upon which to base a determination of violation, it may dismiss the complaint. If there is a reasonable basis for believing a violation has occurred then the subject of the complaint shall be afforded an opportunity for a hearing conducted on the record. Any final determination resulting from the hearing shall include findings of fact and conclusions of law. Upon a finding of a violation, the Commission may take any enforcement action provided for in accordance with Section 2-73 of this Article. After a complaint is filed and until a final determination by the Commission, all actions regarding a complaint shall be treated confidentially.
Article IV, § 2-69(VII). Again, this provision tracks Model A.See COMAR 19A.04, Appendix A, § 4(g).
 III Analysis
As we understand it, the Council Member has raised questions that turn on whether the Public Ethics Ordinance is consistent with State law — specifically, the Public Ethics Law and the PIA. We discuss first the relation of the ordinance to the Public Ethics Law and, second, how two provisions of the ordinance relate to the PIA.[6]
A. Whether the City Ordinance is Consistent with the State PublicEthics Law
As outlined above, it is apparent that the City adopted its Public Ethics Ordinance to fulfill its obligations under the Maryland Public Ethics Law. The provisions of that ordinance are derived from one of the model ordinances promulgated by the State Ethics Commission. In particular, the provisions concerning disclosure of information related to advisory opinions of the City Ethics Commission or complaints filed with the City Ethics Commission are virtually identical to the models provided by the State Ethics Commission. Thus, those portions of the City's Public Ethics Ordinance are consistent with Maryland Public Ethics Law.
B. Application of the PIA to Records of the City EthicsCommission 1. Advisory Opinions
The City Attorney concluded that none of the mandatory exemptions in the PIA for particular categories of records (SG § 10-616) or particular types of information (SG § 10-617) applied to the advisory opinions of the City Ethics Commission. He also noted that those opinions are not encompassed within any of the categories of records that may be withheld by a custodian if the custodian determines that it is within the public interest to do so (SG § 10-618). We agree.
In our view, the City Attorney also correctly identified the key question as whether disclosure of the identity of the individual who is the subject of an advisory opinion is covered by the PIA's exemption for records governed by "other law" (SG § 10-615). The City Attorney determined that it is not. We respectfully disagree.
SG § 10-615 provides:
 A custodian shall deny inspection of a public record or any part of a public record if:
 (1) by law, the public record is privileged or confidential; or
 (2) the inspection would be contrary to:
 (i) a State statute;
 (ii) a federal statute or a regulation that is issued under the statute and has the force of law;
 (iii) the rules adopted by the Court of Appeals; or
 (iv) an order of a court of record.
Municipal ordinances do not appear on the list of "other law" set out in SG § 10-615(2) that may trump the PIA's general rule of disclosure for public records. Thus, ordinarily a municipal ordinance that purports to make records or information confidential and to create an exception to the PIA not otherwise based on State law is ineffective. In Police Patrol Security Systems,Inc. v. Prince George's County, 378 Md. 702,838 A.2d 1191 (2003), the Court of Appeals held that a county ordinance creating a registration system for building alarm systems and purporting to protect those records from public inspection could not preempt the PIA's rule favoring public access. The Court stated: "a local law or ordinance may not make a particular public record or piece of public information `privileged or confidential' for the purposes of the [PIA] unless one of the sources of law listed in § 10-615(2) does so or authorizes theadoption of such." 378 Md. at 715 (emphasis added).
Section 2-69(VI) of the City Public Ethics Ordinance concerning advisory ethics opinions derives from a State statute. As outlined above, that statute — the Public Ethics Law — requires municipalities to adopt local ethics ordinances that are "similar" or "substantially similar" to the State statute in a number of respects. It also required the State Ethics Commission to devise model ordinances for that purpose. In carrying out that charge, the State Ethics Commission promulgated a model ordinance with administrative provisions based on the corresponding provisions of the Public Ethics Law. Among those provisions is the requirement that the identity of the subject of an advisory opinion not be disclosed when the substance of the opinion is made public. See SG § 15-303. Thus, in our opinion, disclosure of the identity of the subject of an advisory opinion of the City Ethics Commission would be "contrary to . . . a State statute. . . . "[7]
In a 1986 opinion, Attorney General Sachs dealt with a converse situation. 71 Opinions of the Attorney General 282 (1986). In that situation, a county ethics law, which was patterned after a model promulgated by the State Ethics Commission, required certain county officials and employees to file annual financial disclosure statements. In accordance with the model ordinance, the county ordinance allowed for public inspection of those records. However, the county ethics commission raised the question whether the PIA's mandatory exemption for personal financial information (SG § 10-617(f)) trumped the ordinance and required the commission to withhold the information from public inspection.[8] Attorney General Sachs traced the origin of the disclosure requirement to the Maryland Public Ethics Law and noted that the requirements embodied in the county's ordinance and disclosure forms were "patterned on the disclosure approaches discussed in the [State Ethics Commission's] regulations and reflect the State disclosure approach." Id. at 283-85. Accordingly, he concluded that the local ordinance based on the Public Ethics Law prevailed over the otherwise mandatory exception in the PIA.
It might be argued that, while the Public Ethics Law requires local governments to adopt certain ethics provisions, it does not itself mandate that the local ordinance provide for confidentiality of the identity of a requester of an opinion. However, in the Public Ethics Law, the General Assembly also delegated to the State Ethics Commission the task of devising model ordinances "similar" or "substantially similar" to the State ethics provisions. The administrative and enforcement provisions that the State Ethics Commission has included in its model laws help ensure that the substantive provisions of the local ethics law are implemented and interpreted in a way that is "similar" or "substantially similar" to the corresponding provisions of the State ethics law. See COMAR 19A.04.02.03.
The Legislature has required the State Ethics Commission to keep confidential the identity of the subject of a State ethics advisory opinion. SG § 15-303(b). The obvious purpose of that provision is to encourage individuals to seek guidance from the State Ethics Commission without necessarily exposing private affairs to public view, while still allowing for publication of the substance and reasoning of the opinion for the benefit of the public at large. By including such a provision in its model local ordinance, the State Ethics Commission was simply incorporating policy judgments already made by the General Assembly. The Commission's decision was undoubtedly a reasonable choice within its delegated discretion. Indeed, it could be argued that, without the benefit of a confidentiality provision to encourage the development of the local law through advisory opinions, the local law might fall short of "substantial similarity" to the Public Ethics Law mandated by the General Assembly.
It might also be argued that even a local ordinance derived from and closely related to a State statute is not "other law" that creates an exception under SG § 10-615, because the PIA is to be "construed in favor of permitting inspection of a public record." SG § 10-612(b). However, that rule of construction is qualified by the phrase "unless an unwarranted invasion of privacy of a person in interest would result."Id. As noted above, the confidentiality provision in question is designed to protect the privacy of the requester of the opinion — "a person in interest."[9] Thus, the presumption that a record is open to inspection does not have the same force in this context as it may in others.
2. Records Relating to Complaints
The same analysis applies to disclosure of information related to a complaint of an ethics law violation. Section 2-69(VII) of the City Public Ethics Ordinance provides that all actions relating to a complaint filed with the City Ethics Commission are to remain confidential until the Commission has made a final determination of the com plaint. Like the provision concerning advisory opinions, this provision derives from a State statute and provides for confidentiality somewhat similar to that provided for complaints processed by the State Ethics Commission. See SG § 15-407.[10] For the same reasons outlined in the previous section as to advisory opinions, disclosure of records relating to a complaint prior to the determination of the City Ethics Commission would be contrary to provisions of the ordinance deriving from the same State statute. Accordingly, such records would be exempt from disclosure under SG § 10-615(2).
Other exceptions in the PIA may also apply to particular records related to a particular complaint. For example, as the City Attorney indicated, the discretionary exception for investigatory records in SG § 10-618(f) may apply to records relating to complaints.[11] It is also possible that some of the Commission's records relating to complaints may fall within the discretionary exception in SG § 10-618(b) for pre-decisional records that reflect an agency's deliberative process. See Stromberg Metal Works, Inc. v. University of Maryland,382 Md. 151, 854 A.2d 1220 (2004). In addition, depending on the nature of the particular complaint, there may be other exceptions that could apply to particular records.
 IV Conclusion
For the reasons set forth above, our opinion is as follows:
1. The provisions of the City Public Ethics Ordinance concerning disclosure of advisory opinions of the City Ethics Commission and disclosure of records related to complaints filed with that commission are consistent with Maryland Public Ethics Law.
2. The identity of the subject of an advisory opinion of the City Ethics Commission falls within SG § 10-615(2), the PIA's exemption concerning records made confidential by other State laws.
3. Records related to a complaint filed with the City Ethics Commission are exempt from disclosure under SG § 10-615(2) of the PIA until the Commission has made a final determination. It is possible that other exceptions to the PIA's general rule of disclosure may apply to particular records related to a complaint.
Douglas F. Gansler
Attorney General
Robert N. McDonald
Chief Counsel
Opinions and Advice
[1] In compliance with our policy concerning opinion requests from local governments, you included with your request a detailed legal analysis by the City Attorney which we summarize in relevant part in the text.
[2] We have summarized information set out in memoranda of the City Attorney that were attached to your request. We have not been provided with copies of the complaints, decisions of the City Ethics Commission on those complaints, or the advisory opinions discussed in those memoranda. However, the background information provided by the City Attorney appears sufficient to respond to the questions addressed in this opinion.
[3] For certain issues involving legislative and judicial officials, the law assigns administrative and enforcement functions to other entities. See, e.g., SG §§ 15-102(b), 15-510 et seq.
[4] This mandate is also incorporated in the express powers of municipalities. SG § 15-802.
[5] Some municipalities have been granted partial or total exemptions relating to local ethics laws. See COMAR 19A.04.03.03; see also note following COMAR 19A.04.01.03.
[6] As a preliminary matter, we have considered whether our consideration of these questions is consistent with our policies governing Attorney General opinions.
As a matter of policy, when a question involves the interpretation of a municipal ordinance we usually defer to the interpretation of the municipal attorney. 88 Opinions of the Attorney General 103, 111-12 n. 12 (2003). In this case, the ordinance in question is virtually identical to a model established in State law and the pertinent State law requires that the ordinance be "similar" to a State statute. Moreover, the question presented is not so much construction of the municipal ordinance but whether its undisputed meaning is consistent with State law.
Second, this Office does not typically issue opinions concerning the Public Ethics Law as it is our policy to defer to the interpretation of the State Ethics Commission, which has been vested by law with the obligation to construe that law. OAG Policies and Procedures, § 2.0, II.C. Again, the question here is not so much the construction of the Public Ethics Law — the State Ethics Commission has clearly construed that law to authorize local governments to adopt ethics ordinances that include provisions for advisory opinions and the processing of ethics complaints with a degree of confidentiality. The issue here is whether that interpretation conflicts with the PIA.
[7] The identity of the subject of the opinion should, of course, be redacted from other records related to the advisory opinion if requested under the PIA. Cf. 64 Opinions of the Attorney General 162, 164 n. 5 (1979). Such records may also be exempt from disclosure if other exceptions to the PIA applied to particular records.
[8] A local ordinance would not ordinarily supersede a mandatory exception to disclosure in the PIA. Caffrey v. Dep't of LiquorControl, 370 Md. 272, 303, 805 A.2d 268 (2002).
[9] The phrase "person in interest" is defined generally as "a person or governmental unit that is the subject of a public record. . . . " SG § 10-611(e).
[10] The provision governing complaints filed with the State Ethics Commission arguably provides for greater confidentiality as the matter remains confidential unless the State Ethics Commission finds a violation or refers the matter for prosecution. The provision in the City Public Ethics Ordinance does not turn on whether a violation is found or a criminal referral is made, just whether the City Ethics Commission has made a final determination.
[11] That exception encompasses records of investigation conducted by a city attorney and an "investigatory file compiled for any . . . law enforcement, judicial, correctional, or prosecution purpose. . . " SG § 10-618(f)(1)(i)-(ii). Such records may be withheld from inspection under the PIA if the custodian finds that disclosure would be "contrary to the public interest." SG § 10-618(a). If the requester is a "person in interest," the custodian may only withhold the records if the custodian finds that disclosure would cause at least one of seven enumerated harms. SG § 10-618(f)(2). *Page 26