640 A.2d 226

**Kevin BRISCOE**

v.

**MAYOR AND CITY COUNCIL OF BALTIMORE, et al.**

**No. 989, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

April 27, 1994.

Howard J. Fezell, Frederick, for appellant.

William R. Phelan, Jr., Sr. Sol. (Otho M. Thompson, Deputy City Sol. and Frank C. Derr, Associate Solicitor, on the brief), Baltimore, for appellees.

Argued before ALPERT, WENNER and HARRELL, JJ.

ALPERT, Judge.

This is an appeal from an order granting a motion to dismiss entered in the Circuit Court for Baltimore County (Kahl, J.) in favor of the Mayor and City Council of Baltimore and Edward V. Woods, Commissioner of Police (collectively, "appellees") and against Kevin Briscoe ("appellant"). Appel-

lant filed the complaint in this case after the City Solicitor denied his request, pursuant to the Maryland Public Information Act, Maryland Annotated Code (1993 Repl.Vol.), §§ 10–611 through 10–628 of the State Government Article ("the Act"), to copy and inspect certain public records in the possession of the Baltimore City Police Department. The circuit court granted appellees' motion without a hearing, despite the fact that appellant had specifically requested a hearing.

Appellant asks:

Did the lower court err in granting the appellees' Motion to Dismiss or for Summary Judgment?

### Facts and Proceedings

By letter dated January 14, 1993, appellant submitted a request, pursuant to the Act, to inspect and copy the records of an investigation conducted by the Internal Investigation Division ("IID") of the Baltimore City Police Department (IID File No. 88–210). Appellant was one of the complainants who had prompted this investigation by accusing two police officers of excessive force, discourtesy, and misconduct. These charges stemmed from an incident in which police officers entered the Baltimore City political headquarters of the Maryland Committee Against the Gun Ban ("Committee"), located in the offices of the Vanguard Communications Company, for the purpose of executing a subpoena duces tecum for Committee records. The facts giving rise to the investigation are more fully set forth in *Maryland Committee Against the Gun Ban v. Mayor and City Council of Baltimore,* 91 Md.App. 251, 603 A.2d 1364 (1992) (*Gun Ban I* ), *rev'd,* 329 Md. 78, 617 A.2d 1040 (1993) (*Gun Ban II* ). That case involved the Committee's ultimately unsuccessful attempt to inspect the same investigation records that are the subject of this appeal. Upon completion of the IID investigation, the allegations raised by appellant against the police officers were found to be "not sustained." By letter dated March 4, 1993, the Associate Solicitor of the City of Baltimore responded to appellant's request by enclosing a copy of appellant's statement taken in the IID investigation, but refused to disclose the remainder of

the file "[f]or the reasons expressed in the Court of Appeals decision in [*Gun Ban II* ]."

On March 10, 1993, appellant filed the complaint in this case, seeking court-ordered access to the IID investigation records. On April 8, 1993, appellees filed a motion to dismiss or for summary judgment, contending that there was no dispute as to any material fact and stating, *inter alia*, that (1) the Mayor and City Council of Baltimore are not custodians of the requested documents, (2) the appellant is not a "person in interest" as defined by the Act and lacks standing, (3) the complaint is barred by res judicata, and (4) appellant's counsel received a copy of the entire IID file as a result of an order entered in another case. On April 26, 1993, appellant filed an opposition to the motion and, alternatively, requested summary judgment in his favor. Additionally, appellant filed a memorandum of points and authorities, contesting each argument advanced in appellees' motion. Included with appellant's opposition was a timely request for a hearing on the motion. The court granted appellees' motion without a hearing. This appeal followed.

### Discussion

Maryland Rule 2–311(f) provides,

A party desiring a hearing on a motion . . . shall so request in the motion or response under the heading "Request for Hearing." Except when a rule expressly provides for a hearing, the court shall determine in each case whether a hearing will be held, *but it may not render a decision that is dispositive of a claim or defense without a hearing if one was requested as provided in this section.*

(emphasis added). The Court of Appeals has held that where there has been a timely request for a hearing on a motion that is dispositive of a claim or defense, procedural due process requires that the court provide an oral hearing and "adequate notice of the time, place, and nature of that hearing." *Phillips v. Venker*, 316 Md. 212, 222, 557 A.2d 1338 (1989). We have consistently held that where a hearing has been properly

requested under Rule 2–311(f), the court must hold a hearing if a decision on the motion would be dispositive of a claim or defense. *See, e.g., EMI Excavation, Inc. v. Citizens Bank,* 91 Md.App. 340, 341, 346, 604 A.2d 518, *cert. denied,* 327 Md. 523, 610 A.2d 796 (1992); *Johnson v. Baker,* 84 Md.App. 521, 538, 581 A.2d 48 (1990), *cert. denied,* 322 Md. 131, 586 A.2d 13 (1991).

■ In this case, appellant properly requested a hearing on the motion and the decision dismissing the case was dispositive of appellant's claim that he was entitled to inspection of a public record under the Act. *See* Md.Ann.Code, § 10–623, State Gov't Article. Thus, the court was required to conduct an oral hearing on the motion and erred in not doing so. We conclude, however, that no practical purpose would be served by remanding this matter for a hearing.[1] Thus, we shall decide the merits of this appeal.

■ The crux of appellees' argument in support of their motion to dismiss was that appellant had failed to state a claim upon which relief could be granted. *See* Md.Rule 2–322(b) (1994). Although appellees raised numerous other grounds in support of their motion, this record does not warrant our consideration of these additional arguments. In reviewing a disposition by a motion to dismiss for failure to state a claim, "we must assume the truth of all relevant and material facts that are well pleaded and all inferences which can be reasonably drawn from those pleadings." *Sharrow v. State Farm Mut. Auto. Ins. Co.,* 306 Md. 754, 768, 511 A.2d 492 (1986). The court did not state its reasons for granting the motion to dismiss. Thus, we should affirm the judgment if our review of the record discloses that the court was legally correct. *See Casey Development Corp. v. Montgomery County,* 212 Md. 138, 145, 129 A.2d 63 (1957); *Baltimore Machine & Equipment, Inc. v. Holtite Manufacturing Co.,* 241 Md. 36, 39, 215 A.2d 458 (1965).

---

1. At oral argument the parties agreed that this appeal involves only issues of law and, therefore, there is no need for a remand.

■ Appellees contend that appellant is not a "person in interest" as defined in the Act and, therefore, the complaint failed to state a claim upon which relief could be granted. Section 10–618(a) of the Act provides:

> *In general.*—Unless otherwise provided by law, if a custodian believes that inspection of a part of a public record by the applicant would be contrary to the public interest, the custodian may deny inspection by the applicant of that part, as provided in this section.

Additionally, section 10–618(f) of the Act permits a custodian to deny access to investigatory records to an applicant who is not a "person in interest" under the Act:

> *Investigations.*—(1) Subject to paragraph (2) of this subsection, a custodian may deny inspection of:

> (i) records of investigations conducted by the Attorney General, a State's Attorney, a city or county attorney, a police department, or a sheriff;

> (ii) an investigatory file compiled for any other law enforcement, judicial, correctional, or prosecution purpose; or

> (iii) records that contain intelligence information or security procedures of the Attorney General, a State's Attorney, a city or county attorney, a police department, a local correctional facility, or a sheriff.

> (2) A custodian may deny inspection by a *person in interest* only to the extent that the inspection would:

> (i) interfere with a valid and proper law enforcement proceeding;

> (ii) deprive another person of a right to a fair trial or an impartial adjudication;

> (iii) constitute an unwarranted invasion of personal privacy;

> (iv) disclose the identity of a confidential source;

> (v) disclose an investigative technique or procedure;

> (vi) prejudice an investigation; or

> (vii) endanger the life or physical safety of an individual.

Thus, we must determine whether appellant is entitled to enhanced access to public records as a "person in interest" under the Act.

A "person in interest" is defined, in relevant part, as "a person or governmental unit that is the subject of a public record or a designee of the person or governmental unit." Md.Ann.Code, § 10–611(e)(1), State Gov't Article. In *Gun Ban I*, we held that the Committee, through its employees, was "also 'the subject' of the investigation and the report" and, therefore, was a person in interest under the Act. *Id.* 91 Md.App. at 264, 603 A.2d 1364.

The Court of Appeals reversed, holding that the Committee was not a "person in interest." *Gun Ban II*, 329 Md. at 94, 617 A.2d 1040. Although the Court left open the question of whether a complaining victim or witness may be considered the subject of an investigation, the Court stated, "The Act's history covering reports of police investigations also makes clear that the 'person in interest' referred to in § 10–618(f)(2) is the person who is investigated." *Id.* at 92, 617 A.2d 1040. Additionally, the Court held:

> [W]here, as here, the investigation concludes with a determination that the allegations are not sustained, fairness to the investigated officers and the avoidance of needless publicity to the cooperating witnesses, with possible inhibiting effects on future investigations, justify on public interest grounds the custodian's denial of inspection *to one other than a person in interest.*

*Id.* at 95, 617 A.2d 1040 (emphasis added).

Here, appellant was a complaining witness with respect to the same investigation records that were at issue in *Gun Ban II.* Applying the reasoning in that case to the case now before us, we conclude that appellant is not the person who was investigated and thus not a person in interest under the Act. Therefore, the seven factors listed in section 10–618(f) of the Act do not apply. Rather, the general provision governing permissible denials applies and a custodian of a record may deny inspection, "if [the] custodian believes that inspection of

a part of a public record by the applicant would be contrary to the public interest." § 10–618(a). As set forth above, the Court of Appeals has held that the custodian's denial of inspection of the subject records on public interest grounds was justified. Given that holding and because we have determined that appellant is not a person in interest under the Act, we must also conclude that denial of inspection of the IID file at issue in this case was justified on public interest grounds. *Gun Ban II*, 329 Md. at 95, 617 A.2d 1040. Thus, we hold that the trial court properly granted appellees' motion to dismiss for failure to state a claim upon which relief could be granted.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.