REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1078

September Term, 2011

TELETA S. DASHIELL

v.

MARYLAND STATE POLICE
DEPARTMENT

Woodward,
Hotten,
Sharer, J. Frederick
         (Retired, Specially Assigned),

         JJ.

Opinion by Woodward, J.

Filed: October 8, 2014

The instant appeal arises from an order granting summary judgment by the Circuit Court for Baltimore County. Appellant, Teleta S. Dashiell, filed a declaratory judgment action under the Maryland Public Information Act ("MPIA" or "the Act"), seeking to establish that certain internal affairs records prepared and stored by appellee, the Maryland State Police (the "MSP"), were not exempt from disclosure.

On November 5, 2009, appellant filed a complaint with the MSP against Sergeant John Maiello, alleging that Sergeant Maiello had made racially derogatory remarks while leaving a message on her voicemail two days earlier. Following an internal affairs investigation, appellant was notified on February 17, 2010, that her allegations were "confirmed" and that "appropriate disciplinary action was taken against Sergeant Maiello and documented in his personnel file."

After her subsequent MPIA request was denied by the MSP, appellant filed her declaratory judgment action in the circuit court. On June 24, 2011, following a motions hearing, the court ruled that all of the records sought by appellant were exempt from disclosure as "personnel records" under Section 10-616(i) of the Act. This appeal followed.

On appeal, appellant raises three questions, which we have rephrased:

1. Did the trial court err in granting summary judgment in favor of the MSP after finding that the documents sought by appellant under the Maryland Public Information Act were exempt from disclosure?

2. Did the trial court err by not ordering the MSP to produce those portions of the withheld documents that are "reasonably severable"?

3. Did the trial court err by allowing MSP to withhold

documents under the Maryland Public Information Act without first conducting an independent review of, or permitting discovery of, the documents?

For the reasons set forth below, we will vacate the judgment of the circuit court and remand this case to that court for further proceedings.

## BACKGROUND

On November 3, 2009, during the investigation of a case to which he was assigned, Sergeant Maiello made a telephone call to appellant, who was a potential witness. Unable to reach her, Sergeant Maiello left a voicemail message on appellant's telephone, asking her to call him back. Without realizing that he had not hung up the phone, Sergeant Maiello made racially disparaging remarks about appellant that were recorded on her voicemail system.[1] After listening to the voicemail, appellant contacted the Princess Anne police barracks and, subsequently, came in to give a statement and file a complaint against Sergeant Maiello.

On February 17, 2010, appellant received correspondence from Captain Kristina Nelson of the Criminal Investigation Division, which explained that, following an internal investigation, appellant's complaint had been "sustained" and that "appropriate disciplinary action was taken against Sergeant Maiello and documented in his personnel file." Approximately one month later, on March 2, 2010, appellant, assisted by the American Civil

---

[1] According to the transcript of the message, Sergeant Maiello said, "Why, that's what I think about it, and I need to hear shit like that . . . that's when I say to myself, 'oh my God . . . I'm listening to some God dang n*****'s voicemail play for twenty minutes.'"

2

Liberties Union of Maryland ("ACLU"), filed a request for disclosure of records under the MPIA. Md. Code (1984, 2009 Repl. Vol.), §§ 10-611 to -630 of the State Government Article ("SG"). In the records request, appellant sought

> [t]he internal investigation conducted by the Maryland State Police pursuant to the complaint lodged against Sergeant John Maiello by [appellant] on November 5, 2009, and closed the second week of February, 2010, relating to the offensive voicemail message left on [appellant's] cell phone on November 3, 2009, including, but not limited to:
>
> a. Any documents, including video and/or audio recordings, obtained during the investigation;
> b. Any documents, including video and/or audio recordings, created during the investigation;
> c. Incident reports;
> d. Witness statements;
> e. Charging documents;
> f. Complaint control card;
> g. Results of internal investigation; and
> h. Results of the **review of findings** of the internal investigation.

On April 15, 2010, Internal Affairs Section Commander John Greene denied appellant's request in its entirety. In a response letter to the ACLU, Commander Greene explained:

> MSP is denying [the] request for records for the following reasons:
>
> • The Law Enforcement Officers' Bill of Rights (LEOBR) prohibits disclosure of internal investigation reports outside the context of that law.

3

- Records of an individual employee's conduct related to a specific incident are personnel records and are not disclosable under the [MPIA].

- The records you requested are intra-agency memoranda and letters and it would not be in the public interest to inhibit candor in the decision making process.

- The records you requested are investigatory records and it would not be in the public interest to inhibit the candor of witnesses or to invade the personal privacy of individuals involved in the investigation.

Appellant disputed the MSP's decision to withhold the documents in their entirety, arguing in a June 7, 2010 letter that she was "entitled to review" the investigative file generated by her complaint. Appellant then requested that the MSP be required "to provide any reasonably 'severable portion' of the records sought." Appellant also "request[ed] a detailed index of the investigative file that includes a summary of each document, and states the particular exemption that the MSP claims for each document" within thirty days of the letter. The MSP denied this request, stating that "the nature of these records and the various bases upon which [the] MSP was compelled to deny the request makes it clear that no portion of the requested record is reasonably severable," and that the MSP was not required to provide a detailed index because in its April 15 response, the MSP "sufficiently described the contents of the records to justify denial of access to the records without the need" for any such index.

In the face of these denied requests, on October 27, 2010, appellant filed a complaint in the circuit court seeking (1) a declaratory judgment that the MSP violated the MPIA, (2) an order permitting her to inspect and copy the records she sought, and (3) an award of attorney's fees and costs. Before the beginning of discovery, the MSP moved to dismiss, or, in the alternative, for summary judgment. The circuit court held a hearing on June 24, 2011, at the conclusion of which the court orally granted the MSP's motion for summary judgment.

The circuit court explained its ruling as follows:

> This is a case where [appellant] filed suit against [the MSP] alleging violation of the Maryland Public Information Act. Suit was filed on October 27, 2010. Prior to filing suit, [appellant] inquired of [the MSP] as to what actions they had taken regarding this incident. The [MSP] w[as] required to respond on February 17, 2010.
>
> [MSP employee] Captain Kristina Nelson sent a letter to [appellant] stating–I'm not quoting–in response to her inquiry there was an investigative file created regarding [appellant's] complaint. Second, that [the MSP] confirmed [appellant's] allegations, and third, that appropriate disciplinary action was taken against Sergeant Maiello, and documented in his personnel file as stated in the letter of February 17, 2010.
>
> Shortly thereafter, March 2, 2010, [appellant], through her counsel, requested, one–facts gathered during the investigation itself, [] an Internal Affairs Investigation. Two–witnesses' statements, [incident] reports, documents obtained or created during the investigation, and again, an Internal Affairs Investigation, the results of the Internal Affairs Investigation, and five [sic] - the results of the review findings of the Internal Investigation. That's what counsel is asking for. Basically, that's what the suit is asking for. All [ ] of these items are contained in the man's personnel file.
>
> The law is very clear. The personnel record is confidential. The only exceptions that I see in the case law involve criminal cases,

5

such as *Robinson v. State*, 354 Md. 287, *Baltimore City Police v. State*, 158 Md. App. 27[4]. These Internal Affairs Investigation records are clearly personnel records under Section 10-616, the State Government section of the annotated code.

It clearly states they shall deny–unless you got a criminal case involving constitutional issues usually related to the Sixth or Fourteenth Amendment. There's no question in my mind based upon [appellant's] attorney's requests they are looking for a result of an internal investigation by the [MSP], and everything they are looking for is personnel records which are confidential and are protected. Therefore, I'm granting the motion for summary judgment.

On June 28, 2011, the court entered a written order incorporating its ruling granting summary judgment.

This timely appeal followed thereafter. Additional facts will be added as necessary to elucidate our discussion.

## DISCUSSION

The Court of Appeals set out the appellate standard of review for a grant of summary judgment in *Tyler v. City of College Park*:

Whether a circuit court's grant of summary judgment is proper in a particular case is a question of law, subject to a non-deferential review on appeal. As such, in reviewing a grant of summary judgment, we review independently the record to determine whether the parties generated a dispute of material fact and, if not, whether the moving party was entitled to judgment as a matter of law. We review the record in the light most favorable to the non-moving party and construe any reasonable inferences that may be drawn from the well-plead facts against the moving party.

415 Md. 475, 498 (2010) (citations omitted). Ordinarily, we "consider only the grounds upon which the trial court relied in granting summary judgment." *Ross v. State Bd. of Elections*,

6

387 Md. 649, 667 (2005) (internal quotation marks omitted).

In the MPIA, the General Assembly codified a general right to public information. *See* SG §§ 10-611 to -630. Both on its face and as established by case law, the Act "shall be construed in favor of permitting inspection of a public record." *Id.* § 10-612(b); *see Kirwan v. Diamondback*, 352 Md. 74, 81 (1998) (noting that the Act "must be liberally construed in order to effectuate the Public Information Act's broad remedial purpose") (citations and internal quotation marks omitted). "[T]he provisions of the Public Information Act reflect the legislative intent that citizens of the State of Maryland be accorded wide-ranging access to public information concerning the operation of their government." *Id.* at 81 (citations and internal quotation marks omitted).

Of course, there are exceptions (in the form of exemptions) to the general rule favoring disclosure. The presumption of public access does not apply in limited situations where "an unwarranted invasion of the privacy of a person in interest would result." SG § 10-612(b). As a public agency, the MSP has the burden of sustaining its decision to deny the inspection of a public record. *Id.* § 10-623(b)(2)(i); *see also Fioretti v. Bd. of Dental Exam'rs*, 351 Md. 66, 78 (1998). The agency may not assert a generic "unwarranted invasion of privacy" or "personal information" exemption to disclosure; only the codified exemptions, where applicable, are a valid basis for withholding public records. *Office of the Governor v. Washington Post Co.*, 360 Md. 520, 554 (2000).

Sections 10-615 through 10-618 of the Act provide the four statutory categories of

7

exemptions.  Sections 10-615, 10-616, and 10-617 each set forth "required denials" stating that, for all public records that fall into those categories, the records custodian "*shall* deny inspection" (emphasis added).  Section 10-618 sets forth "permissible denials" that vest discretion in the custodian to deny inspection "if [the] custodian believes that inspection of a part of a public record by the applicant would be contrary to the public interest."  In sum, "if any exemption under §§ 10-615, 10-616, or 10-617 is applicable to a particular record, then it must be withheld.  Moreover, if the record is exempt under the provisions of § 10-618(a) . . . , then it may be withheld at the discretion of the custodian." *Office of Attorney General v. Gallagher*, 359 Md. 341, 354-55 (2000).  Furthermore, the exemption provisions are not mutually exclusive; that is, documents for which disclosure may be permitted under one section must still be withheld if covered by another mandatory exemption. *Id.* at 354.

When faced with an MPIA dispute, a trial court "must interpret the [Act's] exemptions narrowly." *Fioretti*, 351 Md. at 77.  "The Public Information Act's strong preference for public access to government documents must be considered whenever a court is applying the particular provisions of the statute." *Md. Dep't of State Police v. Md. State Conference of NAACP Branches*, 430 Md. 179, 191 (2013).

The public records at issue in the present case concern an internal affairs investigation into appellant's allegations that Sergeant Maiello, one of the MSP's officers, made racially insensitive and derogatory remarks to appellant in a voicemail left on appellant's phone.  The

8

Court of Appeals recently explained:

> An internal investigation is initiated by a "complaint" or "allegation of misconduct made against an employee of the department." The Director of the Internal Affairs Division reviews the complaint and determines whether it merits further investigation. If it does, the Director then assigns the complaint to an investigator, typically a commanding officer, tasked with gathering "all available documentary evidence" and compiling an "Internal Investigative Report," which contains the allegations, a written report of any information uncovered by the investigation, and a list of all those contacted or interviewed.

*Montgomery Cnty. v. Shropshire*, 420 Md. 362, 374 (2011).

According to the MSP's Administrative Manual, complaints are documented by a police employee on a "Form 176," which is entitled "Complaint Against Personnel." Md. State Police Admin. Manual, ch. 5, § V(D)(3)(b) (rev. Aug. 20, 2004) ("the MSP Manual"). Form 176 is then submitted to the Internal Affairs Section ("the IAS"), which opens a new case file for that complaint and assigns a tracking number to that file. *Id.* §§ III(E)(1),(F)(1), V(E)(4). The commander of the employee against whom the complaint is filed then confers with the IAS Commander, who has the authority to decide who investigates the complaint (either the IAS or a "local investigator"). *Id.* § V(E)(4). Whoever is assigned to investigate the complaint must interview the complainant and witnesses, interrogate the employee(s), explore all leads, examine all physical evidence, and provide an investigative report. *Id.* § V(H)(1). Once completed, an investigation case file will contain the following:

    a. Complaint Against Personnel Report, Form 176
    b. Report of Investigation
       (1)    Follow[ing] the detailed report format in

> Chapter 3 [of the MSP Manual] to ensure the uniformity of internal investigation reports.
>
> c. Appendices
>   (1)  Statement of complainant, if different from that of the victim.
>   (2)  Statement of victim, if different from that of complainant.
>   (3)  Statement of witnesses.
>   (4)  Notification of Complaint, Form 178, if applicable.
>   (5)  Detailed report from accused employee(s) and/or interrogation transcript.
>   (6)  Order to Submit to Interrogation, Form 178A, if applicable.
>   (7)  Explanation of Miranda Rights[,] Form 180, if applicable.
>   (8)  Other statements or detailed reports.
>   (9)  Additional exhibits–e.g., photographs, diagrams, charts, etc.

*Id.* § V(H)(10).

After the investigation is completed, a complaint may be "sustained," "not sustained," "exonerated," or "unfounded." *Mayor of Balt. v. Md. Comm. Against Gun Ban*, 329 Md. 78, 85 (1993) ("*Gun Ban II*"). If the complaint is sustained, the officer may be subject to disciplinary action. Offenses subjecting an officer(s) to discipline are classified internally into five categories, "A" through "E," with Category A offenses being the least severe, and Category E offenses considered the most severe. The discipline assessed ranges from formal counseling to reassignment for Category A offenses, to demotion or termination for Category E offenses. MSP Manual, ch. 5, § XIII. An officer against whom discipline is assessed may

10

appeal to the Internal Investigative Review Panel. *Shropshire*, 420 Md. at 374. Furthermore, where the complaint is sustained, "a notice to this effect is also placed in the officer's personnel file." Final Rep., Governor's Info. Pracs. Comm'n 307 (1982).

We now turn to evaluate whether appellant has a right to inspect the records that she seeks under the MPIA. As explained above, the MSP issued a categorical, "blanket denial" of appellant's records request pertaining to the investigation of the incident involving Sergeant Maiello and appellant. The MSP stated four separate bases for its denial–namely, that the records were: (1) personnel records; (2) records for which disclosure would violate the Law Enforcement Officers' Bill of Rights ("the LEOBR") ; (3) intra-agency memoranda and letters; and/or (4) investigatory records. The circuit court ultimately concluded that all of the records were "personnel records" without analyzing the MSP's other bases. Because we determine, as will be discussed *infra*, that the court's judgment must be vacated and the case remanded for further proceedings, our discussion will include all of the MSP's bases for the guidance of the trial court upon remand. *See* Md. Rule 8-131(a).

## A. Is Appellant a "Person in Interest"?

We begin our analysis by evaluating whether appellant, as the complainant in the instant case, is a "person in interest" under the MPIA. Appellant contends that she is a "person in interest" as defined by the MPIA. The MSP disagrees. We concur with the MSP.

The significance of this initial determination is that the agency must make a heightened showing in order to deny inspection to a "person in interest" relative to a member

of the general public. *Compare* SG § 10-616(i)(1) (requiring denial of inspection of personnel records) *with* SG § 10-616(i)(2) (requiring granting of inspection to "the person in interest"). *See also Gun Ban II*, 329 Md. at 96-97 (explaining that denying inspection under SG § 10-618(f)(2) to "the person in interest" is only permissible based on seven enumerated circumstances, whereas § 10-618(f)(1) only requires showing that "inspection would be contrary to the public interest").

As defined by SG § 10-611(e)(1), a "person in interest" is "a person or governmental unit that is the subject of a public record," or that person's designee. In *Gun Ban II*, the Maryland Committee Against the Gun Ban ("the Committee"), a political committee, sought records of the Internal Investigation Division (IID) of the Baltimore City Police Department based on an investigation into two officers' alleged use of excessive force and other misconduct. 329 Md. at 84. In addition to considering the text of the Act, the Court of Appeals quoted at length from the legislative history of the Act, including the 1975 Senate Committee Report, which stated that the Senate Committee "'deemed it both necessary and preferable to provide for some type of outside vigilance wherein citizens are afforded the right to view those materials in the possession of law enforcement agencies *respecting them personally*.'" *Id.* at 94 (quoting *Report to the Senate of Maryland, Senate Investigating Committee Established Pursuant to Senate Resolutions 1 and 151 of the 1975 Maryland General Assembly* (1975)). Reversing our decision and affirming the trial court, the Court held that the Committee was not a "person in interest," because it was "not 'the subject of'

12

the IID report." *Id.* at 90 (quoting SG § 10-611(e)). The Court reasoned that "[t]he fact that individual persons who were working toward the goal of the Committee, either as volunteers, paid employees, or independent contractors, interfaced with the police officers who thereby became subjects of the investigation is insufficient to make the Committee a 'person in interest.'" *Id.* at 91.

We followed the Court of Appeals' guidance the following year in *Briscoe v. Mayor of Baltimore*, 100 Md. App. 124 (1994). The appellant in *Briscoe*, like appellant in the case *sub judice*, was a complainant who accused two police officers of excessive force and misconduct, and was the person who prompted an internal police investigation. Ultimately, the police department concluded that the allegations were not sustained. *Id.* at 126. After noting that the Court of Appeals "left open the question of whether a complaining victim or witness may be considered the subject of an investigation" in *Gun Ban II*, we quoted the Court of Appeals' statement that "'[t]he Act's history covering reports of police investigations also makes clear that the 'person in interest' referred to in § 10-618(f)(2) is the person who is investigated.'" *Id.* at 130 (quoting *Gun Ban II*, 329 Md. at 92). Applying that reasoning, we concluded that the "appellant is not the person who was investigated and thus not a person in interest under the Act." *Briscoe*, 100 Md. App. at 130.[2]

---

[2] The only issue before this Court in *Briscoe* was whether the appellant was a "person in interest" within the meaning of SG § 10-611(e)(1) of the MPIA. *Briscoe v. Mayor of Balt.*, 100 Md. App. 124, 130 (1994). The appellant was a complaining witness with respect to the same investigative records that were at issue in *Mayor of Baltimore v. Maryland*
(continued...)

Appellant argues that we should distinguish *Briscoe*, because the allegations of misconduct in *Briscoe* were not sustained, while appellant's allegations in the instant case were sustained. Such distinction, in our view, has no bearing on whether a complainant is or is not a "person in interest." A "person in interest" relates to the status of an individual, not to the veracity of the allegations of misconduct.[3] Like the appellant in *Briscoe*, appellant here is the complainant who triggered the investigation by the MSP, and not the subject of the investigation itself. Sergeant Maiello was the subject of the investigation, and thus a "person in interest." *Briscoe* compels the conclusion that appellant is not a "person in interest."

## *B. Applicability of the LEOBR*

The MSP argues that, because of the LEOBR, it was required to refuse inspection as

[2](...continued)

*Committee Against Gun Ban*, 329 Md. 78 (1993) ("*Gun Ban II*"). *Briscoe*, 100 Md. App. at 126. In *Gun Ban II*, the Court of Appeals held that the Maryland Committee Against the Gun Ban was not a "person in interest" under the MPIA, that the records of an internal affairs investigation by the Baltimore City Police Department were "records of investigations conducted by . . . a police department" within the meaning of SG § 10-618(f)(l)(i), and that the disclosure of such records was permissibly denied by the custodian under SG § 10-618(a). 329 Md. at 81, 90, 99. The Court left open the question of whether a complaining victim or witness may be a "person in interest, *see id*. at 90, which question was decided by this Court in *Briscoe*, 100 Md. App. at 130-31.

[3] Whether the allegations of misconduct are "sustained" or "not sustained" is relevant to the balancing of an officer's privacy interest against the countervailing public interest in favor of disclosure. *See Gun Ban II*, 329 Md. at 95 (stating that, where the allegations are not sustained, "fairness to the investigated officers and the avoidance of needless publicity to the cooperating witnesses . . . justify on public interest grounds the custodian's denial of inspection").

"contrary to a State statute," pursuant to SG § 10-615(2)(i).[4] The MSP claims that the LEOBR "confirms the public interest in protecting the confidentiality" of the documents here.

Appellant counters that SG § 10-615 does not apply, because the LEOBR, although a state statute, does not control her situation. Appellant contends that the LEOBR is intended only to provide procedural guarantees to law enforcement officers in internal investigations and that, because she is a public complainant, the LEOBR is irrelevant.

In *Shropshire*, the Court of Appeals explained that "[i]nternal investigations of law enforcement officers are governed by . . . the Law Enforcement Officers' Bill of Rights (LEOBR)." 420 Md. at 373. Indeed, as explained by the Court, "Section 3-104 of the Public Safety Article is controlling whenever a law enforcement officer is under investigation or subjected to interrogation by a law enforcement agency 'for a reason that may lead to disciplinary action, demotion, or dismissal.'" *Id.* The Court specifically declined, however, to reach the MSP's argument that the records of such investigations were confidential "by virtue of" the LEOBR. *Id.* at 375 n.14.

In our view, the LEOBR does not govern whether documents from an internal

---

[4] SG § 10-615 states, in relevant part:

> A custodian shall deny inspection of a public record or any part of a public record if:
>
>               \* \* \*
>
>     (2) the inspection would be contrary to:
>
>         (i) a State statute[.]

15

investigation are subject to disclosure to third parties under the MPIA. In *Baltimore City Police Department v. State*, Judge Mary Ellen Barbera (now Chief Judge of the Court of Appeals), writing for this Court, stated that "the protections afforded an officer under these provisions [of the LEOBR] have been determined by the Court of Appeals to have very little bearing on the discoverability question" under the MPIA. 158 Md. App. 274, 283 (2004). In support of her statement, Judge Barbera quoted from *Robinson v. State*, 354 Md. 287, 308 (1999), where the Court of Appeals explained that the provisions of the LEOBR "'deal only with the rights of the *officer* and serve as a protection for them.'" *Balt. City Police Dep't*, 158 Md. App. at 285 (emphasis added). Although the LEOBR serves as support for the individual officer's interest in maintaining confidentiality, we are called upon here to focus our inquiry on the rights of the *complainant*. Mindful of the admonition that "the [MPIA] should be interpreted to favor disclosure," *Kirwan*, 352 Md. at 84, we conclude that disclosure would not be contrary to the LEOBR under SG § 10-615(2)(i).

   *C. Are the Requested Documents Exempt from Disclosure under the MPIA?*

   Appellant argues that the trial court erred by allowing the MSP to withhold the documents as "personnel records" under SG § 10-616(i). Appellant also contends that the documents should have been analyzed as "investigatory files," pursuant to SG § 10-618(f) and "intra-agency memoranda" under SG § 10-618(b). In support of her argument, appellant cites to this Court's decision in *Maryland Department of State Police v. Maryland State Conference of NAACP Branches*, 190 Md. App. 359, (2010), *aff'd on other grounds*, 430

16

Md. 179 (2013).

The MSP responds by asserting that the trial court properly classified the records as "personnel records" under SG § 10-616(i). The MSP argues that *Shropshire* compels the finding that the internal affairs investigation files are "personnel records." In reply, appellant disputes the breadth of *Shropshire*, arguing that it is distinguishable, because the conduct that was the subject of the internal affairs investigation in that case was "unfounded allegations of administrative rule violations not prompted by any citizen complaint."

Under SG § 10-616(i), "a custodian shall deny inspection," except to "the person in interest," "of a personnel record of an individual, including an application, performance rating, or scholastic achievement information." This exemption is "intended to address the reasonable expectation of privacy that a person in interest has" in his or her personnel records. *Univ. Sys. of Md. v. Balt. Sun Co.*, 381 Md. 79, 99-100 (2004). The Court of Appeals has explained that, although the listed examples in the statute (employment application, performance rating, and scholastic achievement information) were "probably not intended to be exhaustive, [the list] does reflect a legislative intent that 'personnel records' mean those documents that directly pertain to employment and an employee's ability to perform a job." *Kirwan*, 352 Md. at 82-83.

In *Kirwan*, the Court of Appeals held that the parking tickets of University of Maryland basketball coach Gary Williams were not "personnel records" under the Act because they "do not relate to Coach Williams's hiring, discipline, promotion, dismissal, or

any matter involving his status as an employee." *Id.* at 83. The Court again expounded on the meaning of "personnel records" in *Office of the Governor v. Washington Post Co.*, 360 Md. 520 (2000). There, the Court held, in part, that telephone numbers and in-person meetings involving the Governor on the subject of appointed executive positions were not personnel records because they "would not relate to the discipline, promotion, dismissal, status, job performance, or achievement of an existing or former employee." *Id.* at 548.

In *Shropshire*, the Montgomery County Inspector General sought to inspect records from an internal affairs investigation involving two police officers. 420 Md. at 364. The investigation was conducted after a complaint was filed alleging that the officers violated administrative rules in the process of responding to an automobile accident involving a local fireman. *Id.* at 366. The Court concluded that, "because the internal affairs records involving [the individual officers] related to employee discipline, the records are indeed 'personnel records' exempt from disclosure pursuant to Section 10-616(i) of the State Government Article." *Id.* at 381. In support of this conclusion, the Court reasoned that, "where, as here, an investigation clears the officers of wrongdoing, there is a significant public interest in maintaining confidentiality, both in fairness to the investigated officers and cooperating witnesses." *Id.* The Court explained that "'[m]istaken or even deliberately false reports and accusations are made against . . . [i]n some instances, the most conscientious and hardworking members'" of the police department. *Id.* at 380 (alterations in original) (quoting *Gun Ban II*, 329 Md. at 84.). Thus "'fairness to the investigated officers and the avoidance

18

of needless publicity to the cooperating witnesses, with possible inhibiting effects on future investigations, justify on public interest grounds the custodian's denial of inspection to one other than a person in interest.'" *Shropshire*, 420 Md. at 380 (quoting *Gun Ban II*, 329 Md. at 95). In addition, the Court noted that records of internal investigations contain significant personal information about the investigated officer and other information "that if disclosed, could be potentially detrimental to not only the officers, but also the witnesses." *Shropshire*, 420 Md. at 381. In a footnote to the opinion, however, the Court expressly stated that it was "not address[ing] whether records of 'sustained' complaints may be disclosed to a County's Inspector General." *Id.* at 374 n.12.

At first blush, the Court of Appeals' decision in *Shropshire* would support the trial court's grant of summary judgment in favor of the MSP on the grounds that the records of the internal investigation against Sergeant Maiello are "personnel records" within the meaning of SG § 10-616(i), and thus exempt from disclosure. The trial court, however, did not have the benefit of the recent Court of Appeals' opinion in *NAACP Branches*, 430 Md. 179. As we will explain below, *NAACP Branches* requires the trial court to determine whether each requested document in the investigatory record is exempt from disclosure under any provision of the MPIA advanced by the MSP, and if exempt, whether any such document is subject to disclosure as severable under SG § 10-614(b)(3)(iii).

In *NAACP v. Branches*, the NAACP requested under the MPIA certain records from the MSP regarding the MSP's compliance with a federal consent order that was "designed

19

to ensure that State Police officers did not rely on racial attributes when deciding whether to conduct a traffic stop and search." 430 Md. at 182. The MSP produced many of the documents requested, but declined to produce documents that were "obtained or created in connection with any complaint of racial profiling, including but not limited to any complaint filed with or investigated by the MSP's . . . Department of Internal Affairs." *Id.* at 183. The MSP stated that such documents were "personnel records" and thus exempt from disclosure under SG § 10-616(i). *Id.* In response, the NAACP indicated that it was not seeking confidential personal information of a particular trooper and agreed to a redaction of the documents such that a particular trooper's identify would not be divulged. *Id.* at 183-84. The MSP rejected this request, again relying on the "personnel records" exemption from disclosure under SG § 10-616(i). *Id.* at 184.

The NAACP then brought suit in the circuit court against the MSP for violation of the MPIA. *Id.* The trial judge ordered the submission of the disputed records for his *in camera* review. *Id.* After *in camera* review, the trial judge determined that the records were "personnel in nature," but that the records should be disclosed "provided that the names and any identification number of individual Maryland State Police troopers and the names and identifying information of any complainants are redacted from such records." *Id.* at 184-85.

On appeal, a majority of this Court, sitting *en banc*, held that the requested records, without any redactions, did not constitute "personnel records of an individual" within the meaning of SG § 10-616(i). *Md. Dep't of State Police v. Md. State Conference of NAACP*

20

*Branches*, 190 Md. App. 359, 375 (2010). This Court reasoned:

> Racial profiling complaints against Maryland State Troopers do not involve private matters concerning intimate details of the trooper's private life. Instead, such complaints involve events occurring while the trooper is on duty and engaged in public service. As such, the files at issue concern public actions by agents of the State concerning affairs of government, which are exactly the types of material the Act was designed to allow the public to see.

*Id.* at 368.

We also held that the requested records constituted "records of investigations conducted by . . . a police department" within the meaning of SG § 10-618(f) and that, although such records could be exempt from disclosure under SG § 10-618(a), the MSP's reliance on SG §10-616(i) instead of SG § 10-618(a) precluded its denial of disclosure on that ground.[5]  *Id.* at 370-71.  Accordingly, this Court upheld the circuit court's order

---

[5] SG § 10-618 reads, in relevant part:

**§ 10-618. Permissible denials.**

    (a)    *In general.* — Unless otherwise provided by law, if a custodian believes that inspection of a part of a public record by the applicant would be contrary to the public interest, the custodian may deny inspection by the applicant of that part, as provided in this section.

                    ***

    (f)    *Investigations.* — (1) Subject to paragraph (2) of this subsection, a custodian may deny inspection of:

        (i)    records of investigations

(continued...)

21

requiring the disclosure of the redacted records. *Id.* at 380-81.

Upon a grant of a writ of certiorari, the Court of Appeals affirmed the judgment of this Court, but on different grounds. 430 Md. at 190. The Court rejected our focus on whether the *unredacted* requested records were "personnel records" within the meaning of SG § 10-616(i). *Id.* at 193-94. The issue, according to the Court, was whether the *redacted* records constituted "personnel records" under SG § 10-616(i). *Id.* at 194. The Court resolved that issue in two sentences: "After the names of State Police troopers, the names of complainants, and all identifying information are redacted, the records clearly do not fall within the statutory language of 'record[s] of an individual.' (§ 10-616(i)). There would be no 'individual' identified in the redacted records." *Id.* at 195. In other words, the redactions removed the records from the definition of "personnel records" under SG § 16-616(i), and thus made them subject to disclosure.

In addition, the Court held that, even if the records remained "personnel records" after the redactions, the custodian must disclose such records if they are "reasonably severable" under SG § 10-614(b)(3)(iii). The Court explained:

> Moreover, § 10-616(a) [&] (i) of the Public Information Act provides as follows (emphasis added):
>
>> "(a) *In general.*—Unless otherwise provided by law, a custodian shall deny inspection of a public

---

[5](...continued)

> conducted by . . . a police department, or a sheriff[.]

22

record, as provided in this section.

\* \* \*

(i) *Personnel records*.—(1) Subject to paragraph (2) of this subsection, a custodian shall deny inspection of a personnel record of an individual, including an application, performance rating, or scholastic achievement information."

Section 10–614(b)(3)(iii) of the Act is a statutory provision "otherwise provided by law." It states:

"(3) A custodian who denies the application shall:

\* \* \*

(iii) permit inspection of any part of the record that is subject to inspection and is reasonably severable."

**The plain language of §§ 10-616(a) and 10-614(b)(3)(iii) authorizes redactions so that the applicant can receive portions of an exempt record which are severable and the receipt of which does not violate the substance of the exemption.**

*Id.* at 195 (emphasis added).

Finally, the Court of Appeals rejected this Court's assertion that, if records are subject to disclosure under one section of the MPIA, they cannot be exempt from disclosure under another section of the Act. *Id.* at 191. The Court cited to *Gallagher*, wherein it held "'that § 10-618(f) does not overrule other exemptions under the Act' and that, 'if any exemption under §§ 10-615, 10-616, or 10-617 is applicable to a particular record, then it must be withheld.'" *Id.* at 192 (quoting *Gallagher*, 359 Md. at 354-55). The Court then stated that the severability provision of SG § 10-614(b)(3)(iii) applied to each of the Act's exemptions. The Court said:

23

If a record falling within one of the Act's exemptions is redacted in accordance with § 10-614(b)(3)(iii) and, if it is still exempt as argued by the State Police and held by the Court of Special Appeals, no effect whatsoever would be given to § 10-614(b)(3)(iii). The State Police's and the Court of Special Appeals' position would largely render § 10-614(b)(3)(iii) nugatory. . . . Furthermore, as shown by this Court's opinions, § 10-614(b)(3)(iii) is not nugatory. *See Governor v. Washington Post*, *supra*, 360 Md. at 542-550, 759 A.2d at 261-266 (This Court directed that there should be redactions in various public records sought by the applicant); *Cranford v. Montgomery County*, *supra*, 300 Md. at 774, 780-781, 481 A.2d at 228-229, 232.

*Id.* at 195-96.

The Court of Appeals concluded that the "Circuit Court was fully warranted in ordering redactions in the requested State Police records, and, for this reason, the Circuit Court's order should be upheld." *Id.* at 196.

In her MPIA request in the instant case, appellant asserted that none of the requested documents were exempt from disclosure under the Act. In response, the MSP claimed that all of the requested documents were exempt from disclosure under the Act as "personnel records" under SG § 10-616(i), as "records of investigations conducted by a police department" under SG § 10-618(f), and as "intra-agency memoranda" under SG § 10-618(b).[6] Under *NAACP Branches*, the trial court was required to determine whether the requested documents were exempt from disclosure under any provision of the MPIA asserted by the MSP. *See* 430 Md. at 194-96. Here, the trial court ruled that all of the requested

_____

[6] As explained *supra*, the MSP also claimed that the requested documents were exempt from disclosure under the LEOBR.

24

documents were exempt from disclosure as "personnel records" under SG § 10-616(i). The trial court did not decide whether the requested documents were exempt from disclosure under the Act as "records of investigations conducted by a police department" or "intra-agency memoranda."

In making its ruling, however, the circuit court did not require the MSP to create an index of the withheld documents[7] and did not review any of such documents *in camera*. Indeed, in its motion to dismiss, or in the alternative, for summary judgment, the MSP failed to identify the documents that it withheld from disclosure, nor did the MSP provide any detailed information about each such document. It is difficult for us to see how the trial court could properly determine the applicability of any exemption under the Act without having detailed information about each document withheld or conducting an *in camera* review of all such documents. *See Cranford v. Montgomery Cnty.*, 300 Md. 759, 779 (1984) (stating that the agency must "present a sufficiently detailed description and explanation to enable the trial court to rule whether a given document, or portion thereof, is exempt").

In addition, appellant specifically stated in her MPIA request that, "if you determine that some portions of the requested records are exempt from disclosure . . ., we will expect, as the Act requires in § 10-614(b)(3)(iii), that you provide us with 'any reasonable severable

_____

[7] Appellant asked the MSP to create an index of the withheld documents. The MSP refused to prepare such index, and without ever identifying any withheld document, the MSP asserted that it had "sufficiently described the contents of the records to justify denial of access to the records without the need for a Vaughn index at all."

25

portion' of the records sought." The MSP rejected appellant's request for the disclosure of the severable portion of the requested documents, claiming, without any explanation, "that no portion of the requested record is reasonably severable." Under *NAACP Branches*, the plain language of the Act authorizes appellant to "receive portions of an exempt record which are severable and the receipt of which does not violate the substance of the exemption." 430 Md. at 195. Unfortunately, the trial court failed to decide whether any portion of the requested documents that are exempt from disclosure are, nevertheless, severable and thus subject to disclosure.

Given the state of the record before us in the instant case, we conclude that we cannot conduct a review of the legality or propriety of the MSP's refusal to disclose the requested documents in the investigative file created as a result of appellant's complaint. Without the identification of each withheld document, along with detailed information about it, appellant was not able to develop cogent arguments regarding whether a particular document is exempt or severable. Without such identification and detailed information, or an *in camera* review of the withheld documents, the trial court did not have a sufficient factual basis to determine the applicability of an exemption to such documents, and if exempt, the severability of any portion thereof. Finally, the lack of identification and information about the withheld documents precluded the trial court from determining, as occurred in *NAACP Branches*, whether any redactions agreed to by appellant would remove a particular document from an

26

exemption or would make such document severable from other exempt documents.[8]

Accordingly, we must vacate the judgment of the circuit court and remand the instant case

for further proceedings.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY VACATED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. APPELLEE TO PAY COSTS.**

---

[8] In *Md. Dep't of State Police v. Md. State Conference of NAACP Branches*, the Court of Appeals emphasized that SG § 10-614(b)(3)(iii) "authorizes redactions so that the appellant can receive portions of an exempt record which are severable and the *receipt of which does not violate the substance of the exemption*." 430 Md. 179, 195 (2013) ("*NAACP Branches*") (emphasis added). Redactions of all identifying information regarding the troopers and complainants in *NAACP Branches* were found sufficient not only to remove the documents from the definition of "personnel records," but also satisfied the troopers' primary interest that underlies the exemption for personnel records. *Id.* at 195; *see also Md. Dep't of State Police v. Md. State Conference of NAACP Branches*, 190 Md. App. 359, 393 (2010) (Kehoe, J., concurring) (stating that the "redaction of identifying information would protect the privacy interests of the troopers" and was "tantamount to a determination that the identifying information was 'reasonably severable' from the rest of the records)". Moreover, unlike *Gun Ban II* and *Shropshire*, 420 Md. 362 (2011), the instant case involves a finding of a "sustained" complaint against a police officer. Consequently, concerns about the privacy interests of the police officer weigh much less against the public's interest in disclosure of information concerning confirmed allegations of racist comments by a police officer in the course of his official duties.